People v Grassi (2020 NY Slip Op 00612)





People v Grassi


2020 NY Slip Op 00612


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-04350
 (Ind. No. 6465/16)

[*1]The People of the State of New York, respondent,
v
Mark Grassi, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Dena E. Douglas, J.), imposed February 20, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court's terse colloquy at the plea allocution failed to sufficiently advise the defendant of the nature of the right to appeal and the consequences of waiving it (see People v Deas, 172 AD3d 1400, 1401). Moreover, the record fails to demonstrate that the defendant understood the distinction between the right to appeal and the other trial rights that are forfeited incident to a guilty plea (see People v Hong Mo Lin, 163 AD3d 849, 849). Although the defendant signed a written waiver form, the transcript of the plea proceeding reveals that instead of ascertaining on the record whether the defendant read the written waiver and was aware of its contents, the court deferred to defense counsel's statements about counsel's off-the-record conversations with the defendant regarding the written waiver (see People v Brown, 122 AD3d 133, 140-141).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court